NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**APPLIED MEDICAL RESOURCES CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**TYCO HEALTHCARE GROUP LP (doing business as Covidien),**
*Defendant-Appellee.*

---

2012-1412

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-4203, Senior Judge Mariana R. Pfaelzer.

---

Decided: August 27, 2013

---

JOSEPH R. RE, Knobbe, Martens, Olson & Bear, LLP, of Irvine, California, argued for plaintiff-appellant. With him on the brief were JOSEPH F. JENNINGS and SEAN M. MURRAY.

J. MICHAEL JAKES, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, argued for defendant-appellee. With him on the brief were KATHLEEN A. DALEY and DAVID K. MROZ.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Applied Medical Resources Corporation ("Applied") appeals from the grant of summary judgment by the United States District Court for the Central District of California. Applied sued Tyco Healthcare Group LP, doing business as Covidien ("Covidien"), for infringement of U.S. Patent No. RE 42,379 ('379 patent). The district court addressed claim construction, infringement, and validity together, granting summary judgment that the '379 patent was not infringed and denying summary judgment that the patent was invalid. Only infringement is at issue in this appeal. For the reasons that follow, we affirm the grant of summary judgment that the accused device neither infringes literally nor under the doctrine of equivalents.

## I. BACKGROUND

This case concerns "trocars," which are a type of surgical device used in laparoscopic surgery. In laparoscopic surgery, the surgeon uses thin tools to operate through several small incisions. Trocars are placed in each incision to provide airtight ports through which instruments may be passed into the abdominal cavity. The trocars also allow surgeons to inflate the patient's abdominal cavity in order to provide space for the doctor to operate:



J.A. 732.  In the above diagram, three trocars can be seen inserted into the abdomen.

The '379 patent claims certain improvements in seals for trocars.  In particular, the patent claims a seal assembly that can move laterally but not axially.  The ability to move laterally allows the trocar to accommodate a wider variety of tools.

Applied asserted claims 1, 65, 74, 87, 89, and 90 of the '379 patent against a Covidien trocar known as the VersaSeal Plus and several other trocars containing the VersaSeal Plus seal assembly (the "Covidien Trocars").  Only claims 1 and 87 are independent.  Claim 1 provides:

> 1. Apparatus for use in a surgical instrument to provide a gas-tight seal with an instrument passed through the seal, the instrument having a diameter in a wide range of diameters, the apparatus comprising:
>
>> a seal body including a bore wherethrough the instrument is passed, the bore defining an axis; and

an instrument seal assembly, including: a rigid annulus, and an instrument seal of an elastic material, the instrument seal: including an instrument port wherethrough the instrument is passed; and being attached to the rigid annulus with the instrument port inside the annulus,

*the instrument seal assembly being mounted in the seal body in a manner restricting axial movement and permitting free lateral movement of the instrument seal assembly* in response to movement of the instrument passed through the instrument port, . . . .

'379 patent col. 17 ll. 29-47 (emphasis added). The claim defines an apparatus in which an instrument seal assembly is mounted in a seal body. The instrument seal assembly is made up of an instrument seal of elastic material attached to a rigid annulus. A port allows instruments to be passed through the instrument seal. Thus, the instrument seal is contained within the instrument seal assembly, which moves freely laterally within the seal body.

Claim 1 requires the instrument seal assembly to be "mounted in the seal body in a manner restricting axial movement and permitting free lateral movement of the instrument seal assembly." '379 patent col. 17 ll. 42-44. The court construed "axial" to mean "on or along the axis: up-and-down" and construed "lateral" to mean "by, to, or from the side: sideways." Thus, claim 1 required the instrument seal assembly to be capable of freely moving sideways.

Claim 87 also contains limitations on lateral movement:

87. Apparatus for use in a surgical instrument to provide a gas-tight seal with an instrument passed through the seal, the instrument having a

diameter in a wide range of diameters, the apparatus comprising:

> a seal body including a bore wherethrough the instrument is passed, the bore defining an axis; and

> an instrument seal assembly, including: a rigid annulus, and an instrument seal of an elastic material, . . .

> the instrument seal assembly being mounted in the seal body in a manner restricting axial movement of the instrument seal assembly along the axis and permitting free lateral movement of the instrument seal assembly within a defined range of motion in response to movement of the instrument passed through the instrument port, *wherein the instrument seal assembly is laterally compliant in that the instrument seal moves laterally* in response to lateral movement of the instrument passed through the instrument port and is axially restricted in that the instrument seal is generally held in position axially when an instrument is inserted into or withdrawn from the instrument port, . . . .

'379 patent col. 26 ll. 1-30 (emphasis added).

Covidien was concerned that, in the italicized portion of claim 87 above, the use of the term "instrument seal assembly" in the beginning and "instrument seal" at the end created an ambiguity as to whether it was the instrument seal assembly or the instrument seal that moved laterally. The district court concluded that the immediately preceding clause, which required the instrument seal assembly to be mounted in a manner "permitting free lateral movement of the instrument seal

assembly," made it clear that it was the instrument seal assembly—not just the instrument seal—that must move laterally. As in claim 1, the court required the instrument seal assembly to be able to "move[] from side to side" in response to movement of the instrument passed through the instrument port.

In the Covidien Trocars, the instrument seal assembly is composed of a hemispherical gimbal containing an elastomeric instrument seal. Covidien argued that the trocars did not infringe because "[t]he gimbal . . . rotates within the housing of the trocar around a laterally fixed point of rotation. . . . [it] does not move laterally or side-to-side relative to the housing." In the diagram below, the gimbal can be seen rotated to the left, at rest in the center position, and rotated to the right:



Applied explains this diagram as follows:

> The plastic gimbal slides in an annular recess in the housing of the trocar, enabling the seal assembly to rotate back and forth . . . . When the gimbal rotates to the left, the seal moves to the left side of the trocar; and when the gimbal rotates to the right, the seal moves to the right side of the trocar. This enables the seal to move with a surgical instrument as it moves laterally within the trocar.

Appellant's Br. 12 (citations omitted).

After construing the claims, the district court granted summary judgment of non-infringement. Regarding literal infringement, much of the court's analysis focused on the forces experienced by the instrument seal assembly in response to a lateral movement of the instrument. The

court's analysis did not relate to whether the asserted claims read on the Covidien Trocars, and we do not repeat it here. The court did, however, observe that "[i]n a gimbal design, the seal assembly moves about an imaginary fixed point of reference," and that "if one considers the lateral boundaries of the seal assembly, one finds no change" as the gimbal rotates.

The district court denied Applied's claim that the Covidien Trocars infringed under the doctrine of equivalents stating: "Here, the claim limitation requires both axial restriction and lateral freedom. The claim limitation would be rendered meaningless if the Court were to allow the patent to read on the gimbal design through the doctrine of equivalents." *Applied Med. Res. Corp. v. Tyco Healthcare Grp.*, No. 11-CV-4203, slip op. at 14 (C.D. Cal. Mar. 26, 2012).

Applied timely appealed the summary judgment of non-infringement. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

Infringement is analyzed in two steps: first, the court construes the patent's claims, and second, the court compares the properly construed claims to the device accused of infringement. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). In the first step of this analysis, claim construction, the district court clarified that it is the instrument seal assembly (not just the instrument seal) that must move laterally. It construed laterally to mean "sideways" or "from side to side." Applied does not dispute this claim construction on appeal.

In the second step, proving infringement, "the patentee must show that the accused device contains each limitation of the asserted claim, or an equivalent of each limitation." *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003) (citations omitted). This is a question of fact. *Id.* The district court granted summary

judgment of non-infringement both literally and under the doctrine of equivalents. Applied challenges both of these rulings.

We review a district court's grant or denial of summary judgment under the law of the regional circuit; in this case, the Ninth Circuit. *See MicroStrategy, Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1349 (Fed. Cir. 2005). The Ninth Circuit "determine[s], viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131-32 (9th Cir. 2003). Infringement, although an issue of fact, may be decided on summary judgment so long as the evidence in the record does not raise any genuine dispute about material facts. *See General Elec. Co. v. Nintendo Co.*, 179 F.3d 1350, 1353 (Fed. Cir. 1999).

## A. LITERAL INFRINGEMENT

Applied argues that the district court improperly found no literal infringement by comparing the accused device to an embodiment and by considering material outside the record. In addition, Applied contends that there is a disputed issue of material fact regarding whether the instrument seal assembly in the accused device is capable of lateral movement. Covidien responds that there is no infringement because the instrument seal assembly does not move laterally.

We agree with Covidien. The instrument seal assembly in the Covidien Trocars does not move laterally—it is a hemisphere that rotates in place. As the district court observed, "[i]n a gimbal design, the seal assembly moves about an imaginary fixed point of reference." Examining the Covidien Trocars, the court determined that "if one considers the lateral boundaries of the seal assembly, one finds no change." Even Applied describes the gimbal's motion as rotation. In light of the undisputed physical

structure of the Covidien Trocars, we conclude that the instrument seal assembly does not move freely from side to side—it is fixed laterally and rotates in place.

Applied argues that the summary judgment of non-infringement nevertheless must be reversed because the district court analyzed infringement improperly by comparing the Covidien Trocars to an embodiment disclosed in the patent and because the court considered material that was outside of the record. While we agree that the court's analysis was flawed in both of these respects, these deficiencies do not require reversal. Our review of the grant of summary judgment is de novo, and, as we have explained above, the undisputed structure of the Covidien Trocars is sufficient to support our conclusion that the trocars do not satisfy the limitation that the instrument seal assembly must be capable of free lateral movement.

We also reject Applied's argument that there is a genuine issue of material fact that precludes summary judgment. Applied points to an expert declaration explaining that when "the gimbal seal assembly rotates[,] each point of the gimbal and elastomeric seal moves freely laterally or sideways." Appellant's Br. 29. But the fact that individual points on the instrument seal assembly move laterally during rotation is not material because the claim construction requires that the entire instrument seal assembly must move laterally from side to side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). The summary judgment that there is no literal infringement is therefore affirmed.

## B. DOCTRINE OF EQUIVALENTS

The district court also granted summary judgment of non-infringement under the doctrine of equivalents.

Under this doctrine, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). The doctrine of equivalents is, however, not without its limits. For instance, in applying the doctrine of equivalents to the facts of a particular case, it is imperative that "equivalence be assessed on a limitation-by-limitation basis." *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner-Jenkinson*, 520 U.S. at 29). Moreover, the doctrine of equivalents is unavailable as a matter of law "if a theory of equivalence would entirely vitiate a particular claim element." *Warner-Jenkinson*, 520 U.S. at 39 n.8.

The district court's doctrine of equivalents analysis is brief. The court stated: "Here, the claim limitation requires both axial restriction and lateral freedom. The claim limitation would be rendered meaningless if the Court were to allow the patent to read on the gimbal design through the doctrine of equivalents." *Applied*, No. 11-CV-4203, slip op. at 14. We take this to mean that allowing rotation to be equivalent to side to side movement would vitiate the free lateral movement limitation. We agree.

Applied argues that there is a disputed issue of material fact sufficient to preclude summary judgment of non-infringement under the doctrine of equivalents on the ground that equivalence in this case may be found under the function-way-result test. *See Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998). Specifically, Applied points to the following illustration—provided by its expert—showing how an embodiment of the '379 patent could be transformed into an embodiment similar to the Covidien Trocars:



J.A. 4816.  At the top of the diagram is an embodiment of the '379 patent.  By gradually curving this embodiment, the expert arrived at a hypothetical instrument seal assembly that he claims is similar to the Covidien Trocars' gimbal seal assembly.  According to the expert, this demonstrates that the '379 patent instrument seal assembly and the gimbal seal perform the same function in the same way to achieve the same result.

Even accepting Applied's evidence as true, we find no genuine issue of material fact sufficient to preclude summary judgment.  As evinced by the figure above and Applied's expert's declaration, the hypothetical instrument seal assembly moves from side to side within the annular recess.  The instrument seal assembly of the Covidien Trocars, however, does no such thing.  To the contrary, as discussed above, the instrument seal assembly of the Covidien Trocars does not move freely from side

to side—it is fixed laterally and rotates in place. Accordingly, the expert's testimony concerning the hypothetical instrument seal assembly on this point is insufficient to create a genuine issue of material fact.

We conclude that Applied's theory of equivalence vitiates the "free lateral movement" limitation of the claims. While the claims require free lateral movement of the instrument seal assembly, the instrument seal assembly of the Covidien Trocars does not possess free lateral movement. Indeed, the instrument seal assembly of the Covidien Trocars not only does not move freely laterally, it does not move laterally at all—rather it is fixed laterally and rotates in place. Accordingly, allowing Applied to capture the accused instrument seal assembly through the doctrine of equivalents would vitiate the claim limitation requiring "free lateral movement" of the instrument seal assembly.

Applied's theory of equivalence would vitiate the "free lateral movement" claim limitation for another reason as well. Our case law indicates that a finding of infringement under the doctrine of equivalents vitiates a claim limitation when the aspect of the accused device that allegedly meets that limitation represents a difference in kind from what is claimed in the limitation. For example, in *Ethicon,* 149 F.3d at 1321, we found that the application of the doctrine of equivalents did not vitiate a particular claim limitation because the difference between the asserted claim and the accused device was "a subtle difference in degree, not a clear, substantial difference or difference in kind." Subsequently, in *Freedman Seating*, we were faced with the question of whether the claim limitation "a movable end slidably mounted to said seatbase" was equivalently met by an accused device in which the moveable end was rotatably mounted, not slidably mounted, to the seatbase. 420 F.3d at 1361. We found that application of the doctrine of equivalents would vitiate the slidably mounted limitation, stating: "We think that this structural difference in the mounting of the

moveable end to the seatbase is not a 'subtle difference in degree,' but rather, 'a clear, substantial difference or difference in kind.'" *Id.* (citing *Ethicon*, 149 F.3d at 1321); *see also Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1017 (Fed. Cir. 2006) (recognizing "difference in kind" as a constraint on application of the doctrine of equivalents).

We conclude that what we have in this case is a difference in kind. The reason is that the instrument seal assembly claimed in the '379 patent is one that moves freely laterally. Put another way, the "kind" of instrument seal assembly claimed is one that moves, at least to some extent, from side to side. The instrument seal assembly of Covidien Trocars is, however, not that "kind" of instrument seal assembly. It does not move side to side at all. Rather, as we have noted, it is fixed in its location and rotates in place. Because their instrument seal assembly differs in kind from what is claimed in the '379 patent, the Covidien Trocars cannot be found to infringe under the doctrine of equivalents.

## CONCLUSION

We affirm the district court's judgment of no literal infringement because the instrument seal assembly in the Covidien Trocars does not move laterally—it rotates in place. We likewise affirm the judgment of no infringement under the doctrine of equivalents, because Applied's theory of equivalence vitiates a claim limitation.

## AFFIRMED